UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIK S. BOWKER, | ) | Case No. 4:04 CV 2522 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | (Resolving Docket Nos. 24, 35) |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

This matter is before the Court on Plaintiff Erik Bowker's *pro se* complaint alleging various tort claims against Defendant United States of America pursuant to the Federal Tort Claims Act ("F.T.C.A."), 28 U.S.C. §§ 1346 and 2671-2680.  Bowker alleges in his complaint that Federal Bureau of Investigation agents and others committed the torts of false imprisonment, abuse of process, invasion of privacy, assault, battery, negligence, and violations of the Ohio Constitution against him.

Bowker filed his complaint on November 29, 2004 in the United States District Court for the Southern District of West Virginia.  By Order of Magistrate Judge Stanley dated December 15, 2004, the case was transferred to the Northern District of Ohio for want of proper venue.

4:04 CV 2522                                            2

In a Memorandum of Opinion and Order dated March 10, 2005, Judge Economus of the Northern District of Ohio allowed Bowker to proceed *in forma pauperis* only on those claims involving the conduct of F.B.I. agents at an alleged incident on March 16, 2001 in the Mahoning County Court of Common Pleas in Youngstown, Ohio. As such, Bowker's abuse of process and invasion of privacy claims were dismissed and other non-F.B.I. defendants were removed from the case.

On January 11, 2006, Defendant United States filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Docket No. 24). The motion alleges that sovereign immunity bars Bowker's claims, that the complaint fails to state a claim upon which relief can be granted, and that there are no genuine issues for trial. Subsequently, the motion was supplemented to add the argument that Bowker's complaint was barred by the "three strikes" rule of the Prison Litigation Reform Act of 1995, 28 U.S.C. §1915(g) and his complaint should be dismissed without prejudice (Docket No. 35).

I.      *Background*

On June 6, 2002, Erik Bowker was convicted of interstate stalking in violation of 18 U.S.C. §2261(A)(1), cyberstalking in violation of 18 U.S.C. §2261(A)(2), mail theft in violation of 18 U.S.C. §1708 and telephone harassment in violation of 18 U.S.C. §223(A)(1)(c). *See*

4:04 CV 2522                                          3

*United States v. Bowker*, 372 F.3d 365, 371 (6th Cir. 2004).  The victim of Bowker's offenses was Tina Knight, a television reporter.  *Id*.  Bowker is currently incarcerated at the Federal Correctional Institution in Allenwood, Pennsylvania.

While working for WKBN Television in Youngstown in March 2000, Knight began to receive numerous disturbing e-mails and hand written notes at work.  *Id*.  When the correspondence would not cease, the WKBN station manager contacted F.B.I. agent Deane Hassman.  *Id*.  Agent Hassman determined that Erik Bowker was the source of the letters and e-mails.  *Id*.  In November 2000, Knight left WKBN to take a position at WOWK Television in Charleston, West Virginia.  *Id*.  Letters and telephone calls from Bowker followed Knight to her new place of employment and residence in Charleston.  *Id*. at 372.  Later, Knight began to receive through the mail photographs of Bowker at various locations in West Virginia.[1]  *Id.* at 373.

Bowker filed a lawsuit against Knight in February 2001 in the Mahoning County Court of Common Pleas accusing Knight of stalking him.  Agent Hassman and Agent Herbert Fitzgerald, Jr. attended a status conference in Bowker's case on March 16, 2001.  Bowker contends that when he tried to enter the courtroom for the status hearing, the agents grabbed him and shoved him into a private attorney consultation room.  There, Bowker alleges he was struck, injured, intimidated and threatened at gunpoint by the agents.  Bowker states the agents then

---

[1] Bowker was arrested in Youngstown on August 29, 2001.  *United States v. Bowker*, 372 F.3d 365, 373 (6th Cir. 2004).

4:04 CV 2522                                             4

forced him to sign a request to dismiss his case against Knight and would not allow him to leave the courthouse until he filed the dismissal with the Clerk of Court.

## II.     *Exhaustion of Remedies*

Bowker asserts that he filed a timely administrative claim with the F.B.I. on February 14, 2003.  Bowker states that this claim was denied on August 5, 2003 and a reconsideration denied on June 22, 2004.  Bowker brought the instant action on November 29, 2004.  As such, Bowker's complaint was properly brought within the 28 U.S.C. §2401(b) statute of limitations

## III.    *Sovereign Immunity*

The United States is immune from suit except in those specific instances in which it waives sovereign immunity.  *U.S. v. Testan*, 424 U.S. 392, 399 (1976); *U.S. v. King*, 395 U.S. 1, 4 (1969).  The Federal Tort Claims Act (F.T.C.A.) acts as a waiver of sovereign immunity by providing a remedy for injury or loss of property caused by the wrongful act or omission of any employee of the United States government acting within the scope of his or her office or employment.  *Hartwig v. U.S.*, 80 F.Supp.2d 765, 767-68 (N.D. Ohio 1999); see 28 U.S.C. §1346(b).

The Government argues that because Bowker's claims are brought under the "rights and immunities afforded to him by the Ohio Constitution", his claims should be dismissed because

4:04 CV 2522                              5

there is no statutory basis for inferring a civil cause of action against the United States with respect to the Ohio Constitution. This may be true; however, Bowker also clearly states in his complaint that his claims are also being brought under the F.T.C.A., which waives the sovereign immunity of the United States. 28 U.S.C. §1346(b). Therefore, this Court does not lack subject matter jurisdiction over Bowker's claims on sovereign immunity grounds

### IV.     Failure to State a Claim

The Government next argues that the Plaintiff's claims are frivolous and that they fail to state a claim upon which relief can be granted. The Government offers that "the district court may dismiss an action *sua sponte* if the complaint is so 'implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion' as to deprive the court of jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagins v. Lavine*, 415 U.S. 528, 536-37 (1974). The Government argues that because Bowker has had nine frivolous claims already dismissed in United States Courts, this claim must also be frivolous.

The undersigned fails to follow that logic. Bowker alleges, among other things, that he was struck, injured and held against his will by F.B.I. Agents Hassman and Fitzgerald. His allegations, if true, constitute several valid claims under the F.T.C.A. In its Motion to Dismiss or, in the alternative, Motion for Summary Judgment, the Government does not offer anything to suggest that what Bowker alleges is not in fact true. This Court cannot find that Bowker's

4:04 CV 2522                                                6

instant complaint is frivolous simply on the grounds that Bowker has had other claims dismissed as frivolous in United States Courts.

*V. "Three Strikes Rule"*

However, under the Prison Litigation Reform Act of 1995, the Court may dismiss an *in forma pauperis* complaint if, on 3 or more prior occasions, a United States Court has dismissed an action brought by an incarcerated plaintiff because it was frivolous, malicious, or failed to state a claim for which relief may be granted.  28 U.S.C. §1915(g);[2] see also *Wilson v. 52nd Dist. Court*, 2002 WL 1009561, at *1 (E.D.Mich. April 25, 2002), aff'd, 49 Fed.Appx. 610 (6th Cir. 2002).  This "three strikes" provision of the Prison Litigation Reform Act is not an affirmative defense.  *McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (1998).  It may be raised by a federal court *sua sponte*.  *Wilson*, 2002 WL 1009561, at *1; *Witzke v. Hiller*, 966 F.Supp. 538, 539 (E.D.Mich. 1997).

---

[2] 28 U.S.C. §1915(g) states:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was *dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury." (emphasis added).

4:04 CV 2522                                    7

Federal courts have dismissed nine complaints brought by Bowker on the grounds that they were frivolous, malicious, or failed to state a claim for which relief may be granted.  *See:*

| Case | Defendant | Date Dismissed | U.S. District Judge |
|---|---|---|---|
| 1:05 CV 0040 M.D. Penn. | United States of America | 4/25/2005 | Christopher C. Conner |
| 1:05 CV 0063 M.D. Penn. | United States of America | 4/25/2005 | Christopher C. Conner |
| 1:05 CV 0145 M.D. Penn. | United States of America | 4/25/2005 | Christopher C. Conner |
| 1:05 CV 0274 M.D. Penn. | United States of America | 3/23/2005 | Christopher C. Conner |
| 1:05 CV 0275 M.D. Penn. | United States of America | 3/23/2005 | Christopher C. Conner |
| 1:05 CV 0276 M.D. Penn. | United States of America | 3/23/2005 | Christopher C. Conner |
| 1:05 CV 0560 M.D. Penn. | United States of America | 5/5/2005 | Christopher C. Conner |
| 1:05 CV 0561 M.D. Penn. | United States of America | 5/5/2005 | Christopher C. Conner |
| 1:05 CV 2487 N.D. Ohio | Deane A. Hassman | 12/14/2005 | Christopher A. Boyko |

Considering these nine prior dismissals, Bowker's instant complaint very clearly falls within the "three strikes" provision of the Prison Litigation Reform Act.  Bowker has not shown that he falls within the "imminent danger" exception to 28 U.S.C. §1915(g).  *Wilson*, 2002 WL

4:04 CV 2522                              8

1009561, at *2 ("[t]he imminent danger exception to the "three strikes" rule contained in 28 U.S.C. §1915(g) may be invoked by a prisoner only to seek relief from a danger which is imminent at the time that the complaint is filed.") (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001); *cert den.* 121 S.Ct. 2600 (2001).). As Bowker does not allege any immediate or specific danger of future serious physical harm, his claim should be dismissed *sua sponte* as he has nine prior cases which have been dismissed for being frivolous, malicious, or for failure to state a claim upon which relief may be granted. Bowker may resume this complaint, dismissed under 28 U.S.C. §1915(g), if he chooses to pay the filing fee under the fee provisions of 28 U.S.C. §1914. *Witzke*, 966 F.Supp. at 540.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, the United States' motions to dismiss and for summary judgment (Docket No. 24, 35) should be granted and plaintiff's *in forma pauperis* status revoked pursuant to 28 U.S.C. §1915(g). Plaintiff's complaint should be dismissed without prejudice to being refiled upon payment of the applicable filing fee pursuant to 28 U.S.C. §1914.

s/James S. Gallas
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See *U.S. v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Dated: September 13, 2006